# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTELLA SCHILLER, individually, and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA"),<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID'S BRIDAL, INC., a Florida corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants.<br>_____/ | CASE NO.  1:10-cv-00616-AWI-SKO<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING AND RESCHEDULING HEARING TO JUNE 25, 2010** |

    This matter was initially filed by Plaintiff in the Stanislaus County Superior Court on January 15, 2010. Plaintiff filed an amended complaint and served Defendant with the First Amended Complaint on March 9, 2010. The complaint was filed by Estella Schiller, individually, and on behalf of members of the general public, similarly situated. On April 8, 2010, Defendant filed a Notice of Removal with this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), and pursuant to 28 U.S.C. §§ 1441(b), 1446(b).

    On May 7, 2010, Plaintiff filed a Motion to Remand the matter to the Stanislaus County Superior Court. Plaintiff asserts that Defendant has failed to adequately carry its burden to

establish that the amount-in-controversy requirement under CAFA is met.

Defendant asserts that the amount in controversy in this matter is at least $25,290,200.  In providing this figure, Defendant relies on the fact that it employed 1,114 hourly non-exempt employees in California for a total of 18,505 pay periods from January 15, 2009, through April 2010.  Defendant also relies upon the fact that it employed 1,145 non-exempt and exempt employees in California for an aggregate total of 19,416 pay periods from January 15, 2009, through April 2010.   Based upon the Private Attorneys General Act of 2004 ("PAGA") (codified in the California Labor Code Section 2699) penalties that Plaintiff requests be imposed against Defendant as to seven of the eight causes of action in her complaint, Defendant asserts that the amount in controversy, in relation to potential PAGA penalties alone, equals $25,290,200.

Defendant has not provided the Court or Plaintiff with the calculations and the basic assumptions Defendant uses to reach the ultimate numbers provided.  For example, Defendant provides the number of workers and the number of pay periods, but does not show how the PAGA penalties are calculated based upon those numbers.  Thus, while Defendant states that each of the six causes of action in the complaint that relate to non-exempt hourly employees total $3,587,300 in PAGA penalties per claim, Defendant does not provide any information about how it arrived at such a figure.   The same is true for the third cause of action that relates to both non-exempt and exempt employees.  The Court cannot and will not "reverse-engineer" Defendant's mathematics based upon the Court's own set of assumptions and calculations.  Although this Court has an independent duty to examine its subject matter jurisdiction (*See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (2004)), Defendant has the affirmative burden of persuasion that the amount in controversy in this matter meets or exceeds the jurisdictional minimum.  *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) ("under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.").

The Court instructs Defendant to explain its mathematic calculations and the foundational assumptions upon which the calculations are built.  This is not an invitation to Defendant to provide new and additional declarations or a different set of numbers; the Court is simply asking

Defendant to set forth the rationale and the calculations used to arrive at the amount, per cause of action, that Defendant claims is in controversy with regard to the PAGA penalties.

Accordingly, IT IS HEREBY ORDERED:

1. On or before Tuesday, June 15, 2010, Defendant shall file a supplemental brief not to exceed five (5) pages explaining the foundational assumptions and calculations it contends justifies the total amounts claimed to be in controversy with regard to the PAGA penalties prayed for in the First Amended Complaint.

2. On or before Friday, June 18, 2010, Plaintiff may file a supplemental brief not to exceed five (5) pages in response to Defendant's supplemental brief.

3. The hearing currently set for June 18, 2010, is hereby VACATED to allow the Court additional time necessary to consider the supplemental briefs requested.

4. The hearing in this matter shall be RESET to Friday, June 25, 2010, at 9:30 a.m., in Courtroom 8 of the above titled Court.

IT IS SO ORDERED.

**Dated:   June 10, 2010**                    /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE