# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ESTELLA SCHILLER, individually and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act,

Plaintiffs,

v.

DAVID'S BRIDAL, INC.,

Defendant.

_________________________________/

CASE NO. 1:10-cv-00616-AWI-SKO

**ORDER:**

**(1) PRELIMINARILY APPROVING CLASS SETTLEMENT;**

**(2) CONDITIONALLY CERTIFYING SETTLEMENT CLASSES;**

**(3) APPOINTING CLASS REPRESENTATIVE AND CLASS COUNSEL;**

**(4) APPROVING CLASS NOTICE AND RELATED MATERIALS;**

**(5) APPOINTING SETTLEMENT ADMINISTRATOR; AND**

**(6) SCHEDULING FINAL APPROVAL HEARING.**

(Doc. 39)

On October 7, 2011, Plaintiff filed a motion for preliminary approval of a class action settlement. On October 21, 2011, Defendant David's Bridal, Inc. filed a statement of non-opposition. (Doc. 41.)

Plaintiff's motion came on regularly for hearing on November 9, 2011. Arthur Meneses, Esq., of Initiative Legal Group APC appeared on behalf of Plaintiff and Cary Palmer, Esq. of Jackson Lewis LLP appeared on behalf of Defendant. The essential terms of the parties' "Joint Stipulation of Settlement and Release Between Plaintiff and Defendant" (Doc. 39-1, Exhibit 1 to Williams' Decl.) ("Joint Stipulation") were set forth on the record, and the parties submitted the motion to the Court.

The Court has considered the moving papers in support of the motion for preliminary approval of the class settlement and HEREBY FINDS and ORDERS the following:

1. The Court has jurisdiction over this action and the parties' proposed settlement pursuant to 28 U.S.C. § 1332(d);

2. The Court hereby PRELIMINARILY APPROVES the Settlement based upon the terms set forth in the Joint Stipulation;

   (a) The Settlement appears to be fair, adequate, and reasonable to the Class;

   (b) The Settlement appears to be the product of arm's-length and informed negotiations and appears to treat all Class Members fairly; and

   (c) The Settlement falls within the range of reasonableness and appears to be presumptively valid, subject only to any objections that may be raised at the final fairness hearing and final approval by this Court;

3. Each proposed class set forth in the Joint Stipulation satisfies the requirements of a settlement class because the class members are readily ascertainable and a well-defined community of interests exists in the questions of law and fact affecting the parties. It is ORDERED that the Settlement Classes are Preliminarily certified for settlement purposes only. The two settlement classes preliminarily certified are as follows:

   (a) **Store Manager Class:** All salaried store employees of Defendant in California between January 1, 2007, and preliminary approval of the Settlement; and

   (b) **Hourly Associate Class:** All hourly store employees of Defendant in California between January 1, 2007, and preliminary approval of the Settlement;

4. The Court APPROVES, as to form and content, the Notice of Pendency of Class Action, Proposed Class Action Settlement, and Hearing Date for Court Approval ("Notice of Pendency of Class Action") (Doc. 39-1, Exhibit A to Exhibit 1 to

Williams' Decl.) in substantially the form attached to the Joint Stipulation,[1] and the Claims Form in substantially the form attached thereto as Exhibit B (Doc. 39-1, Exhibit B to Exhibit 1 to Williams' Decl.) and C (Doc. 39-1, Exhibit C to Exhibit 1 to Williams' Decl.) and finds as follows:

(a) The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all class members whose identities are known to the parties, and such notice is the best notice practicable;

(b) The Court APPROVES the procedure for Class Members to participate in, to opt out of, and to object to, the Settlement as set forth in the Notice of Pendency of Class Action;

5. The Court DIRECTS the mailing of the Notice of Pendency of Class Action and Proposed Settlement and the Claim Forms by first class mail to the Class Members in accordance with the Implementation Schedule set forth below. The Court finds the dates selected for the mailing and distribution of the Notice and the Claim Form, as set forth in the Implementation Schedule, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto;

6. The named Plaintiff Estella Schiller is a suitable class representative and is APPOINTED Class Representative for the Settlement Class;

7. Initiative Legal Group APC ("Initiative") is experienced in matters of this nature and the Court hereby finds Initiative is adequate and is APPOINTED as Class Counsel;

8. The Court CONFIRMS Simpluris, Inc. as the Class Administrator;

9. To facilitate administration of the Settlement pending final approval, the Court hereby ENJOINS Plaintiff and all Class Members from filing or prosecuting any claims, suits, or administrative proceedings (including filing claims with the Division

---

[1] The Notice of Pendency of Class Action shall be modified to indicate that the final fairness hearing will be held in Courtroom 7, rather than Courtroom 8. (*See* Doc. 39-1, Exhibit A to Exhibit 1 to Williams' Decl., p. 6, 7.) The Notice of Pendency of Class Action shall also be modified to remove reference to "By Order of the Superior Court." (*See* Doc. 39-1, Exhibit A to Exhibit 1 to Williams' Decl., p. 7.)

of Labor Standards Enforcement of the California Department of Industrial Relations) regarding claims released by the Settlement unless and until such Class Members have filed valid Requests for Exclusion with the Claims Administrator and the time for filing claims with the Claims Administrator has elapsed;

10. A final fairness hearing on the question of whether the proposed Settlement, attorneys' fees to Class Counsel, and the Class Representative's Service Payment should be finally approved as fair, reasonable, and adequate as to the members of the Class is scheduled in Courtroom 7 on the date and time set forth in the implementation schedule in Paragraph 11 below; and

11. The **Implementation Schedule** for further proceedings shall be as follows:

| Timing | Event |
|---|---|
| November 30, 2011 | Last Day for Defendant to Submit Class Member Information to Claims Administrator |
| December 23, 2011 | Last Day for Claims Administrator to mail the Notice and Claim Forms to Class Members |
| February 21, 2012 | Last Day for Class Members to sign and postmark Claim Forms, Request for Exclusions, or file and serve objections to the Settlement |
| March 9, 2012 | Last Day for Plaintiff to file Motion for Final Approval of Class Action Settlement and Motion for an Award of Attorneys' Fees and Costs, and Declaration from Claims Administrator of Due Diligence and Proof of Mailing |
| March 29, 2012 | Last Day for Class Members to Object to Plaintiff's Motion for an Award of Attorneys' Fees and Costs |
| April 11, 2012 | Final Approval Hearing |

IT IS SO ORDERED.

**Dated: November 9, 2011**

**/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE