# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTELLA SCHILLER, individually, and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVID'S BRIDAL, INC., a Florida Corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-00616-AWI-SKO<br><br>**ORDER CONTINUING THE HEARING ON PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

## I. INTRODUCTION

On March 9, 2012, Plaintiff filed a Motion for Final Approval of Class Action Settlement. (Doc. 48.) Plaintiff also filed a Motion for a Class Representative Enhancement Award and for an Award of Attorneys' Fees and Costs. (Doc. 49.) These motions were set to be heard on April 11, 2012. On March 28, 2012, Defendant David's Bridal, Inc. ("Defendant") filed a statement of non-opposition to Plaintiff's Motions. (Doc. 54.)

For the reasons that follow, the hearing on Plaintiff's motions is CONTINUED to Wednesday, May 16, 2012, and Plaintiff is ordered to supplement the Motion for Final Approval of

Class Action Settlement as discussed below.

## II.   DISCUSSION

On November 9, 2011, the Court preliminarily approved the parties' class action settlement agreement. (Doc. 46.) In doing so, as proposed by the parties, the Court entered the following Implementation Schedule:

| Timing | Event |
|---|---|
| November 30, 2011 | Last Day for Defendant to Submit Class Member Information to Claims Administrator |
| December 23, 2011 | Last Day for Claims Administrator to mail the Notice and Claim Forms to Class Members |
| February 21, 2012 | Last Day for Class Members to sign and postmark Claims Forms, Request for Exclusions, or file and serve objections to the Settlement |
| March 9, 2012 | Last Day for Plaintiff to file Motion for Final Approval of Class Action Settlement and Motion for an Award of Attorneys' Fees and Costs, and Declaration from Claims Administrator of Due Diligence and Proof of Mailing |
| March 29, 2012 | Last Day for Class Members to Object to Plaintiff's Motion for an Award of Attorneys' Fees and Costs |
| April 11, 2012 | Final Approval Hearing |

(Doc. 46, ¶ 11.) In the November 9, 2011, order, the Court also explicitly directed the "mailing of the Notice of Pendency of Class Action and Proposed Settlement and the Claims Forms by first class mail to the Class Members in accordance with the Implementation Schedule." (Doc. 46, ¶ 5.)

On March 9, 2012, Plaintiff filed a Motion for Final Approval of Class Action Settlement. In the brief filed in support of the motion, Plaintiff indicated that "[o]n February 21, 2012, Class Notices were mailed to Class members via First-Class U.S. mail." (Doc. 48, 15:23-24.) Plaintiff cites to the Declaration of Michael Bui, a case manager for Simpluris, the Claims Administrator. (Doc. 52.) In his declaration, Mr. Bui states the following, in relevant part:

6.        On February 21, 2012, Notice Packets[1] were mailed to 3,326 potential Class Members contained in the Class List via First Class mail.

7.        Since the mailing of the Class Notices on January 18, 2012, one additional person was added to the Settlement Class, bringing the total to 3,327. A Notice Packet was mailed to this member.

8.        As of March 8, 2012, 699 Notice Packets have been returned by the post office. For those without forwarding addresses Simpluris attempted to locate a current mailing address using Accurint, a reputable research tool owned by Lexis-Nexis. Altogether, 621 Notice Packets were re-mailed to either a newfound address, a forwarding address provided by the U.S. Postal Service, or by request. Ultimately 143 Notice Packets remain undeliverable because Simpluris is unable to find a current mailing address.

(Doc. 52, ¶¶ 6-8.)

Mr. Bui's declaration appears to indicate that the Class Notices were mailed on January 18, 2012, separate and apart from the Claim Forms. Mr. Bui also appears to indicate that the Notice Packets, each of which ostensibly contained both a Class Notice and a Claim Form, were mailed on February 21, 2012.

None of these dates comports with the Implementation Schedule that required that the Class Notice and the Claim Form **be mailed no later than December 23, 2011**. (Doc. 46.) Pursuant to the preliminary approval order and the parties' stipulation for settlement, Class Members were to be provided 60 days from the mailing of the Class Notices to file a claim, elect to opt out of the settlement, or file objections to the settlement. (Doc. 39-1, p. 21, ¶ 18(a) ("Within 45 calendar days of preliminary approval of this Settlement, the Claims Administrator will mail the Notice and the Claim Form to the Class members. The Class Members will have 60 days in which to postmark claim forms or requests for exclusion, or to file and serve objections to the Stipulation of Settlement.").)

If the Class Notices were not mailed until February 21, 2012, it appears that, as of the date of this order, the Class Members have had insufficient time to respond to the Class Notice. The Court cannot consider the propriety of final approval of the settlement agreement until the Class Members have had the requisite amount of time to file objections, opt-out of the class, or file a Claim

---

[1] The term "Notice Packet" was defined in Mr. Bui's declaration as a Class Notice and a Claim Form collectively. The term "Class Notice" was defined as the Notice of Class Action Settlement.

3

Form.[2] In light of these discrepancies, the Court requires further briefing from Plaintiff regarding the timing of Simpluris' mailing of the Class Notices and the Claim Forms and the deadlines that the Class Notice provided for Class Members to return Claim Forms, opt-out, or object to the parties' settlement.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on Plaintiff's Motion for Final Approval of Class Action Settlement is **CONTINUED to May 16, 2012, at 9:30 a.m. in Courtroom 7;**[3]

2. On or before **May 2, 2012,** Plaintiff shall supplement the Motion for Final Approval of Class Action Settlement as follows:

   a. Plaintiff shall file a statement explaining whether the Class Notices and Claim Forms were timely mailed to the potential Class Members pursuant to the Implementation Schedule issued by the Court on November 9, 2011;

   b. If the Class Notices and Claims Forms were *not* timely mailed pursuant to the November 9, 2011, Implementation Schedule, Plaintiff shall file a supplemental declaration of the Claims Administrator that sets forth the date or dates that the Class Notices and Claim Forms were mailed by the Claims Administrator;

   c. Plaintiff shall provide a supplemental declaration of the Claims Administrator that sets forth updated information regarding the response of the Class Members to the Class Notice;

   d. Plaintiff shall provide the Court copies of the Class Notice and Claim Form that were mailed to Class Members – i.e., a copy of the Class Notice that

---

[2] Even assuming that the Class Notices were mailed on January 18, 2012, and that the 60-day period to serve objections or requests for exclusion has expired, the Claim Forms apparently were not mailed until February 21, 2012. As such, the 60-day period to return the Claim Forms has not yet expired.

[3] The "Notice of Pendency of Class Action Settlement, Proposed Class Action Settlement, and Hearing Date for Final Court Approval of Settlement" that was approved by the Court to be mailed to the Class Members informed Class Members that "[t]he [final approval] hearing may be continued without further notice to the Settlement Classes." (*See* Doc. 39-1, p. 40.)

4

indicates the deadlines for Class Members to file the Claim Form; request exclusion from the settlement, or object to the settlement; and

e. If Plaintiff contends that the amount of notice provided to the Class Members was sufficient, Plaintiff shall explain how any failure to comply with the Implementation Schedule is not prejudicial to the Class Members and why final approval of the class settlement should nonetheless be granted.

IT IS SO ORDERED.

**Dated:   April 9, 2012**                                        /s/ Sheila K. Oberto
                                                                                UNITED STATES MAGISTRATE JUDGE